FIDELITY COTTON OIL & FERTILIZER CO. v. MARTIN et al.

(Court of Civil Appeals of Texas. March 29, 1911. Rehearing Denied April 19, 1911.)

1. LIMITATION OF ACTIONS (§ 19*)—RECOVERY OF REAL PROPERTY—"LAND."

Where defendants in trespass to try title disclaimed any title or interest in the land, but claimed title to a house standing thereon, a plea of the three-year statute of limitations is without application, since the "land" legally includes all houses and other buildings; for they consist of two things—land, which is the foundation, and the structure thereupon.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 73–85; Dec. Dig. § 19.*

For other definitions, see Words and Phrases, vol. 5, pp. 3975–3984; vol. 8, pp. 7700, 7701.]

2. FIXTURES (§ 25*) — REAL PROPERTY — CHANGE TO PERSONALTY.

The principle under which property after being annexed to the realty by a tenant may be removed as personal property has no application when invoked by a trespasser to change to personalty that which is in fact realty.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 6; Dec. Dig. § 25.*]

Appeal from District Court, Wilson County; E. A. Stevens, Judge.

Trespass to try title by the Fidelity Cotton Oil & Fertilizer Company against Clarence Martin and others. Judgment for plaintiff for land with an award of a writ of possession to defendants for a building situated thereon, and plaintiff appeals. Reversed and rendered.

Canfield & King, for appellant. T. P. Morris and L. B. Wiseman, for appellees.

NEILL, J. The Fidelity Cotton Oil &·Fertilizer Company sued Clarence Martin, James Faust, and L. B. Wiseman in trespass to try title to recover possession of a certain tract or parcel of land specifically described in its petition. The defendants Martin and Faust answered, disclaiming any right, title, or interest in the land sued for, but claimed· a certain house situated thereon, claiming that they purchased the same for value without knowledge of plaintiff's title or claim. They also pleaded the two-year statute of limitations. The defendant Wiseman entered a disclaimer of any interest in the property.

The case was tried by the court without a jury, and judgment was rendered in favor of the plaintiff for the land sued for, and in favor of the defendants Faust and Martin for the house situated thereon, awarding them a writ of possession therefor. From this judgment, the plaintiff has appealed.

[1] The undisputed evidence, as well as the disclaimer of defendants, shows that plaintiff was entitled to recover the land; and it is clear from the evidence that as between plaintiff and every one save its lessor the house on it is a part of the realty, and that defendants were naked trespassers thereon, without claim or shadow of right. The house being a part of the realty, the statute of three years has no application to the case. Land "legally includes all castles, houses, and other buildings, for they consist of two things—land, which is the foundation, and the structure thereupon." Chase's Black-stone, 220.

[2] The principles applicable to the right of a lessee to remove fixtures erected by him upon leased premises, arising, either from the law or contract, obtain only as between landlord and tenant or their privies and cannot be invoked by a trespasser to change to personalty that which is in fact realty.

The judgment is reversed, and judgment is here rendered for plaintiff for all the land, including the house, sued for.

Reversed and rendered.